Kitty J. Lin (Bar No. 251851)
LEGAL HELPERS, P.C.
564 Market Street, Ste. 300
San Francisco, CA 94104
Telephone: 866-339-1156
Email: kit@legalhelpers.com
*Attorney for Plaintiff Anastasia Vasquez*

**E-filing**

ORIGINAL FILED

08 DEC -8  PM 1:43

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Anastasia Vasquez | Case No. |
| Plaintiff, | **CV 08 5499** |
| | Judge: |
| v. | |
| Erica L. Brachfeld, PC | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF** |
| Defendant. | |
| | **JURY DEMAND ENDORSED HEREIN** |

**MHP**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6.  Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7.  On or around April 17, 2008, Defendant telephoned Plaintiff's mother ("Mother").

8.  On or around April 17, 2008, after learning of the communication to Mother, Plaintiff telephoned Defendant.

9.  During this communication, Plaintiff notified Defendant that Plaintiff did not live with Mother.

10. During this communication, Plaintiff notified Defendant that Plaintiff had retained an attorney for bankruptcy.

11. During this communication, Plaintiff attempted to provide the law firm's contact information but Defendant repeatedly interrupted Plaintiff and refused to accept Plaintiff's attorney's contact information.

12. During this communication, Defendant abruptly terminated the communication.

13. On or around April 17, 2008, Plaintiff again telephoned Defendant to provide Defendant with her attorney's contact information.

14. During this communication, Defendant spoke to Plaintiff in an abusive, offensive, obscene, and/or oppressive manner that included profane language.

15. During this communication, Defendant abruptly terminated the communication while Plaintiff was attempting to provide her attorney's contact information.

16. On or around April 17, 2008, Plaintiff again telephoned Defendant to provide Defendant with her attorney's contact information.

17. During this communication, Defendant spoke to Plaintiff in an abusive, offensive, obscene, and/or oppressive manner.

18. During this communication, Defendant threatened to send a federal agent to arrest Plaintiff for harassing Defendant.

19. During this communication, Defendant represented to/threatened Plaintiff that Defendant had "ways to deal with crazy customers who do not pay the bills."

20. At the time of this communication, Defendant had neither the intent nor ability to send a federal agent to arrest Plaintiff.

21. Despite having notice of Plaintiff's representation, on or around May 5, 2008, Defendant telephoned Plaintiff and left a voice message.

22. During these communications, Defendant represented to Plaintiff that there was a "pending legal matter" against Plaintiff and that Plaintiff needed to contact Defendant immediately.

23. On or around May 5, 2008, despite having Plaintiff's location information, Defendant telephoned Mother several times in an effort to collect the debt.

24. Despite having notice of Plaintiff's representation, on or around May 7, 2008, Defendant telephoned Plaintiff multiple times

25. During one of these communications, Defendant stated that there was a formal complaint filed against Plaintiff and Plaintiff needed to contact Defendant to make a verbal statement.

26. Despite having notice of Plaintiff's representation, Defendant telephoned Plaintiff several times more throughout May 2008.

27. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

28. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive

language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or

unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action

was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its

conversations with Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to
comply with 15 U.S.C. §1692b.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the
fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount,
and/or legal status of the debt.

## COUNT EIGHT

### Violation of the Rosenthal Fair Debt Collection Practices Act

43. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

44. In falsely representing to Plaintiff the non-payment of the debt may result in legal action
against Plaintiff, Defendant violated California Civil Code §§ 1788.10(e).

## COUNT NINE

### Violation of the Rosenthal Fair Debt Collection Practices Act

45. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

46. In using obscene or profane language during the collection or attempted collection of a debt,
Defendant violated California Civil Code §§ 1788.11(a)

## COUNT TEN

### Violation of the Rosenthal Fair Debt Collection Practices Act

47. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

48. In communicating with members of Plaintiff's family for purposes other than obtaining

location information, Defendant violated California Civil Code §§ 1788.12(b).

## COUNT ELEVEN

### Violation of the Rosenthal Fair Debt Collection Practices Act

49. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

50. In falsely representing that a legal proceeding has been, or is about to be, or will be instituted

against Plaintiff unless payment of the debt was made, Defendant violated California Civil

Code §§ 1788.13(j).

## JURY DEMAND

51. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

52. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15

        U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C.

        §1692k.

    b.  Judgment, in an amount to be determined at trial, against Defendant for the

        Intentional Infliction of Emotional Distress.

1          c.  For such other legal and/or equitable relief as the Court deems appropriate.

2

3                             RESPECTFULLY SUBMITTED,

4

5                             Legal Helpers, P.C.

6                             By:_____

7                                Kitty J. Lin (Bar No. 251851)
                                 564 Market Street, Ste. 300

8                               San Francisco, CA 94104
                                 Telephone:  866-339-1156

9                               Email:  kit@legalhelpers.com
                               *Attorney for Plaintiff Anastasia Vasquez*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28